IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARENCE EDWARD ADAMS[1], #296473, PETITIONER, | § § § § | |
| v. | § § | No. 3:23-CV-766-K-BK |
| DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIV., RESPONDENT. | § § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Clarence Edward Adams, aka Abdul Saboor Elamin[2], a Texas prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 3. Having considered the petition, the response, the record and applicable authorities, the Court concludes that Adams' petition should be **DENIED**.

**I. BACKGROUND**

Adams was convicted of aggravated robbery in 1979 and sentenced to life imprisonment. *See* Doc. 16-1 at 2-3; *State v. Adams*, No. F79-6895-HL (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Sept. 24, 1979). Adams filed seven state habeas applications challenging his 1979

---

[1] Pursuant to the State's request, the Court clarifies the record to reflect the Texas Department of Criminal Justice's current designation of Petitioner under the name Clarence Edward Adams, although he was convicted in 2003 under the alias Abdul Saboor Elamin. *See* Doc. 16 at 1; see also Doc. 16-1 at 32-36.

[2] For ease of reference, the Court cites to documents included in the Appendix filed with the State's Response, Doc. 16-1, and the Clerk's Record, Doc. 17-1, where appropriate.

conviction, all of which were denied without written order. *See* Doc. 16-1 at 6-7. Adams was released from the Texas Department of Criminal Justice ("TDCJ") with parole supervision on October 11, 2001. *Id.* at 11.

In 2003, while still on parole for the 1979 conviction, Adams was arrested and convicted by a jury of two additional aggravated robbery charges and sentenced to concurrent terms of 37 years' imprisonment. *See id.* The Fifth District Court of Appeals affirmed the subsequent convictions on November 16, 2004. *See Elamin v. State*, No. 05-04-00105-CR, 2004 WL 2595863, at *1 (Tex. App.—Dallas Nov. 16, 2004, no pet.). On February 19, 2004, following his new convictions, Adams' parole on the 1979 conviction was revoked. *See* Doc. 16-1 at 10.

On January 4, 2023, Adams filed a state application for writ of habeas corpus challenging his 2003 convictions. *See* Doc. 17-1 at 4-22. The Texas Court of Criminal Appeals denied relief without written order on March 29, 2023. *Id.* at 68. Adams then filed the instant federal petition for writ of habeas corpus on April 11, 2023—deemed filed on April 4, 2023, per the prison mailbox rule. Doc. 3 at 1-15.

In his federal petition, which is somewhat difficult to decipher, Adams asserts four grounds for relief. In his first three grounds, Adams complains about the concurrent 37-year imprisonment sentences imposed upon his 2003 aggravated robbery convictions that resulted in additional time being added to his parole revocation sentence in the 1979 case. He asserts violations of the Michael Morton Act related to discovery in a criminal case (Ground One); the prohibition against double jeopardy (Ground Two); and the ex post facto clause (Ground Three). Doc. 3 at 3-10. In Ground Four, he contends that his due process rights were violated because he was not made eligible for parole until three years, rather than within one year, of his 2022 parole denial. Doc. 3 at 5-18.

The State argues in response that Adams' claims in Grounds One through Three are untimely and fail on the merits, and that any timely claim raised in Ground Four likewise fails on the merits.

## II. ANALYSIS

### A. Adams' first three grounds for relief are time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a state prisoner ordinarily has one year to file a federal habeas petition, beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). "Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions." *Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010). Under that section, the one-year limitations period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D)). Ordinarily, the limitations period would run from the date under subsection (A). However, in the context of parole-revocation proceedings, the one-year period commences on the date of the parole revocation. *Heiser v. Johnson*, 263 F.3d 162, 2001 WL 803542, at *2-3 (5th Cir. June 8, 2011) (unpublished) (concluding the latest a petitioner could or should have been aware of his claims was when the BPP revoked his parole or mandatory supervision).

"The limitations period under subsection (D) begins when the prisoner knows, or through the exercise of due diligence could have discovered, the important facts—not when the prisoner recognizes their legal significance. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *see also Franco v. Dir., TDCJ-CID*, No. 3:24-CV-01941-L-BT, 2025 WL 1829842, at *2 (N.D. Tex. May 8, 2025), report and recommendation adopted, No. 3:24-CV-1941-L-BT, 2025 WL 1828519

3

(N.D. Tex. July 2, 2025) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). A prisoner's subjective understanding or belated legal epiphany does not reset the clock. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (holding that § 2244(d)(1)(D) does not permit extended delay while a petitioner gathers every possible piece of supporting evidence). Moreover, information readily accessible through public records or routine inquiry satisfies the due diligence standard. *See In re Young*, 789 F.3d 518, 528 (5th Cir. 2015).

      Adams asserts that he "didn't learn" of his improperly "stacked" sentence until he came up for parole in 2022. *See* Doc. 3 at 5-10. Adams' belated realization does not save his claims, however. The critical question is not when Adams realized the legal significance of his sentencing, but when he could have discovered this information through due diligence. *See In re Young*, 728 F.3d at 528; *see also Flanagan*, 154 F.3d at 198-99. The factual predicates for the claims asserted in Grounds One through Three were known or readily discoverable no later than February 19, 2004, the date Adams' 1979 parole was revoked, and certainly no later than December 16, 2004, 30 days after the Fifth District Court of Appeals at Dallas affirmed his convictions. *See* Tex. R. App. P. 68.2(a); *Elamin v. State*, Nos. 05-04-00105-CR, 05-04-00581-CR, 2004 WL 2595863 (Tex. App.—Dallas Nov. 16, 2004, no pet.). Thus, by December 2004, Adams possessed or could have discovered through due diligence every fact necessary to support his claims that his sentences were unlawfully "stacked" or improperly administered.

      Other details in the record confirm this conclusion. On December 18, 2003, Adams was convicted and sentenced to two 37-year terms of imprisonment. *See* Doc. 17-1 at 56-65. The judgment expressly stated, "[c]oncurrent unless otherwise specified," establishing that the two 2003 sentences were to be served concurrently with each other and, by operation of law, with any further term resulting on his 1979 conviction. *See id.* at 57; *see also* TEX. CODE. CRIM.

4

PROC. art. 42.08(a). And when Adams' parole on the 1979 conviction was subsequently revoked on February 19, 2004, he returned to TDCJ custody to continue serving his life term simultaneously with the 2003 sentences. *See* Doc. 16-1 at 10. These events, which again concluded in 2004, form the complete factual predicate for his claims that his sentences were unlawfully administered in violation of constitutional protections. *See* Doc. 3 at 5-9. And at that point, all facts necessary to support Adams' claims in Grounds One through Three were known or readily discoverable.

Due diligence requires that a petitioner make reasonable efforts to discover facts underlying his claims—not that he achieves complete legal understanding. A reasonably diligent prisoner in Adams' position would have inquired about his sentence calculation, parole eligibility, and release timeline within months, not decades, of his 2003 convictions becoming final. Giving Adams the benefit of the latest plausible accrual date, December 16, 2004—when his 2003 convictions became final and clearly discoverable, the one-year limitations period expired in December 2005. However, Adams did not file his federal petition until April 2023, more than 17 years later. Under these facts, Adams' assertion that the one-year statute of limitations did not begin to run until he came up for parole in 2022 is baseless.

Furthermore, Adams cannot rely on his January 2023 state habeas application to toll the limitations period. *See* Doc. 17-1. A properly filed state habeas application tolls AEDPA's limitations period only while the application is pending. 28 U.S.C. § 2244(d)(2). But tolling applies only to time remaining in the limitations period—it cannot revive a period that has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Because the one-year period expired in December 2005, and Adams did not file his state application until January 2023, there was no time left to toll.

5

Likewise, Adams is not entitled to equitable tolling. His decades-long delay and reliance on a late-breaking legal realization does not satisfy AEDPA's "rare and exceptional" threshold for equitable tolling. A petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied sparingly and only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Adams proffers no basis for equitable tolling. He does not claim that the State misled him or obstructed his ability to file. His lack of understanding regarding the legal implications of his sentence structure before 2022 does not amount to an extraordinary impediment, as ignorance of the law, lack of legal training, and *pro se* status do not excuse untimely filing. *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Likewise, a failure to grasp the legal significance of known facts does not justify tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir.2002) ("[A] lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling."); *see also Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir.1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Adams also has not demonstrated diligence. "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d

6

660, 662 (5th Cir. 1989)). A petitioner cannot allow the one-year period to lapse and then seek additional time. *Johnson v. Quarterman*, 483 F.3d 278, 288 (5th Cir. 2007). Again, Adams offers no explanation for this extraordinary delay beyond his claim that he did not recognize he had been harmed until 2022.

In sum, Adams' claims in Grounds One, Two, and Three are barred by AEDPA's statute of limitations, as the factual predicates for those claims were discoverable through due diligence by December 2004, the limitations period expired in December 2005, and Adams has not demonstrated that statutory or equitable tolling is warranted. Accordingly, these claims should be dismissed with prejudice.[3]

   *B. To the extent not time barred, ground four, fails on the merits.*

Adams' fourth ground—challenging his 2022 parole review—is the only claim that arguably falls within AEDPA's one-year limitations period. Construed liberally, Adams appears to allege that the BPP violated his due process rights by scheduling his next parole review for January 2025, rather than within one year of the 2022 denial of parole, contrary to the requirements of Senate Bill 152. *See* Doc. 3 at 10. He argues that BPP thus lengthened his sentence beyond legislative intent. This claim may be construed as timely since the relevant factual predicate—the setting of the review date—arose in 2022, and the Petition was filed in 2023. That notwithstanding, such claim is not cognizable on habeas review.

States have no constitutional duty to establish a parole system, and there is no constitutional or inherent right to be released before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987). Consequently, Texas's parole statutes create

---

[3] Because Adams' first three grounds are clearly time barred, the Court does not reach the merits, or lack thereof, of either claim.

no protected liberty interest in release, or in the frequency or timing of review. *See Williams v. Briscoe*, 641 F.2d 274, 276-77 (5th Cir. 1982); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (holding there is no due process or ex post facto violation due to changes in frequency of parole reviews because the parole board can review a case "at such intervals" as it determines). Thus, prisoners in Texas have no federal constitutional right to parole, and Adams identifies no protected liberty interest or arbitrary state action that could give rise to a due-process violation.

At bottom, because no liberty interest exists in obtaining parole in Texas, an inmate cannot complain of the constitutionality of procedural mechanisms governing parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). As such, Adams' claim in Ground Four is substantively meritless and should be dismissed with prejudice.[4]

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** in part as barred by the one-year statute of limitations and in part as meritless.

**SO RECOMMENDED** on November 3, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] After the close of briefing in this case, the Court learned that Adams was granted parole and is scheduled to be released from TDCJ custody on November 13, 2025. *See* TDCJ Parole Review Information available online at TDCJ Inmate Search - Search for Inmate (last accessed October 30, 2025). Because Adams has now been granted parole—the very relief sought by his due process claim—his Ground Four challenge no longer presents a live case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (Federal habeas claim becomes moot when the petitioner obtains the relief he seeks or when events have occurred that prevent the court from granting effective relief).

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).